UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| JAMES W. ANDERSON, | ) | Case No. 16-43581-659 |
| | ) | Chief Judge Kathy A. Surratt-States |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | |
| KATHLEEN L. ANDERSON, | ) | **Adversary No. 16-4110-659** |
| | ) | |
| | ) | **PUBLISHED** |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | |
| | ) | |
| JAMES WAYNE ANDERSON, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The matter before the Court is Plaintiff's Adversary Complaint to Dischargeability of Debtor Pursuant to 11 U.S.C. §523(a)(5) and 11 U.S.C.§ 523(a)(15), Debtor/Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint Objecting to Dischargeability of Debt, Joint Stipulation of Facts and Exhibits, and Trial Brief of Plaintiff, and Defendant's Trial Brief.  A trial was held on January 10, 2017 at which Plaintiff appeared in person and by counsel and Debtor appeared in person and by counsel.  The matter was taken under submission. Upon consideration of the record as a whole, the Court makes the following **FINDINGS OF FACT**:

The parties have stipulated to the following facts.  The marriage between Debtor James Anderson (hereinafter "Debtor") and Plaintiff Kathleen Anderson (hereinafter "Plaintiff") was dissolved through the judgment entered in St. Louis County Circuit Court on February 28, 2012 (hereinafter "Dissolution Judgment").  Paragraph 2 of the Dissolution Judgment orders that Debtor pay spousal maintenance to Plaintiff in the sum of $1,600.00 per month. Paragraph 5 of the Dissolution Judgment orders that Debtor reimburse Plaintiff the sum of $15,600.00 which

represents monies she spent as a result of Debtor's failure to make mortgage payments. Paragraph 10 of the Dissolution Judgment orders that Debtor pay Plaintiff's attorney's fees in the amount of $11,000.00.  *See* Exhibit 1.   A post-dissolution judgment was entered on Plaintiff's motion for contempt on July 3, 2012, by consent and ordered that Debtor pay additional attorney's fees in the amount of $2,200.00. *See* Exhibit 2.  A Modification Judgment was entered on October 21, 2015 (hereinafter "Modification Judgment").  Paragraphs 3 and 4 of the Modification Judgment found Debtor in contempt of the state court's prior orders relating to the $15,600.00, $11,000.00 and $2,200.00 payments ordered payable by Debtor to Plaintiff.  Paragraph 6 of the Modification Judgment ordered that Debtor pay Plaintiff's additional attorneys fees of $1,700.00.  *See* Exhibit 3.  A Family Court Judgment of Contempt was entered on March 17, 2016 (hereinafter "Contempt Judgment").  The Contempt Judgment found Debtor in contempt for Debtor's failure to pay any of the sums pursuant to the state court's prior orders and ordered that Debtor pay the amount of $1,000.00 as additional attorney's fees and $131.00 for costs. *See* Exhibit 4.  On May 17, 2015, Debtor filed his Voluntary Petition under Chapter 13 of the Bankruptcy Code.  Plaintiff has filed two Proof of Claims in the bankruptcy case: Claim No. 5-1 for $15,600.00 and Claim No. 6-1 for $16,031.00.  On August 17, 2016, Plaintiff filed the present Adversary Proceeding contending that the claims are not dischargeable under Section 523(a)(5) or in the alternative not dischargeable under Section 523(a)(15) of the Bankruptcy Code.  To the contrary, Debtor argues that the debts are not "domestic support obligations" as described under the Bankruptcy Code, and in the event the Court finds that they are not domestic support obligations, the debts are still dischargeable in a Chapter 13 case under section 523(a)(15).

## JURISDICTION

The Court has jurisdiction of this matter pursuant to 28 U.S.C. Section 151, 157, and 1334 (2016) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri.  This is a core proceeding under 28 U.S.C. Section 157(b)(2)(I) (2016). Venue is proper

in this District under 28 U.S.C. Section 1409(a)(2016).

## **CONCLUSIONS OF LAW**

The first issue presented before the Court is whether the attorney's fee awards made payable to Ms. Anderson's attorney Nathaniel Cohen are dischargeable. The second issue presented is whether the $15,600.00 award is also dischargeable.

Section 523(a)(5) provides an exception to discharge for debts identified as a "domestic support obligation". The Bankruptcy Code defines a domestic support obligation as a debt that is: " (A) owed to or recoverable by – (I) a spouse, former spouse . . . ; (B) in the nature of alimony, maintenance or support . . . of such spouse, former spouse . . .(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provision of - (I) a separation agreement, divorce decree, or property settlement agreement . . . ; and (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse . . . for the purpose of collecting the debt." 11 U.S.C. Section 101(14A) (2016). "If, on the other hand, the obligation is not a domestic support obligation, it would fall under 11 U.S.C. § 523(a)(15)." *In re Phegley*, 443 B.R. 154, 157 (B.A.P. 8th Cir. 2011). Section 523(a)(15) states that a debt owed "to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a government unit is not dischargable." 11 U.S.C. Section 523(a)(15) (2016). Nonetheless, obligations that fall under Section 523(a)(15) are not excepted from discharge in Chapter 13 cases. *Id.*

"When deciding  whether a debt should be characterized as one for support or property settlement, the crucial question is the function the award was intended to serve." *In re Phegley*, 443 B.R. 154, 157 (B.A.P. 8th Cir. 2011) (citations omitted). "Whether a debt is a domestic support

obligation is a question of fact to be decided by the bankruptcy court." *In re Sullivan*, 423 B.R. 881, 883 (Bankr. E.D. Mo. 2010) (citing *In re Williams*, 703 F.2d 1055, 1056 (8th Cir. 1983)). "A divorce decree's characterization of an award as maintenance or alimony does not bind a bankruptcy court but is however a starting point for the determination of the award's intended function." *In re Phegley*, 443 B.R. 154, 158 (B.A.P. 8th Cir. 2011). Moreover, bankruptcy courts looks to several determining factors as outlined in *Phegley*. Those factors include: "the language and substance of the agreement in the context of surrounding circumstances, using extrinsic evidence if necessary; the relative financial conditions of the parties at the time of the divorce; the respective employment histories and prospects for financial support; the fact that one party or another receives the marital property; the periodic nature of the payments; and whether it would be difficult for the former spouse and children to subsist without the payments." *Id.* Nevertheless, when it comes to attorney fees, the Eighth Circuit has long held that "attorney's fee awards are excepted from discharge even if payable to an attorney rather than to a former spouse, if such fees are in the nature of maintenance or support of the former spouse[.]" *In re Kline*, 65 F.3d 749, 751 (8th Cir. 1995). "Debts payable to third persons can be viewed as maintenance or support obligations; the crucial issue is the function the award is intended to serve." *In re Williams*, 703 F.2d 1055, 1057 (8th Cir. 1983) (citation omitted).

In the present case, the Court first makes a determination on the attorney's fees. Debtor was ordered by the state court to pay Plaintiff's attorney's fees in the amount of $11,000.000 which initially arose from the dissolution of their marriage; however, the fees were not identified neither in the nature of support nor maintenance. It is clear to this Court that the attorney's fee award for $11,000.00 arose from the dissolution of the parties' marriage. Next, the subsequent attorney fee awards arise from a series of contempt motions Plaintiff filed in state court for Debtor's non-compliance with state court orders relating to the Dissolution Judgment. Still, Debtor argues that none of the attorney's fees awarded during the Anderson's divorce proceedings, including the fees

-4-

awarded in the contempt orders are in the nature of alimony, maintenance or support.  In support of his position, Debtor further argues that this court should consider the *In re Phegley*, 443 B.R. 154 (B.A.P. 8th Cir. 2011) factors in its determination.  This Court, however, understands that it is not bound by the state court order but,  will use it as a starting point.

This Court finds the following *Phegley factors applicable*: language and substance of the agreement and surrounding circumstances, the relative financial conditions of the parties at the time of the divorce, respective employment histories and prospects for financial support, and whether it would be difficult for the spouse to subsist without the payments. At the time of the divorce, Plaintiff was 55 years old, unemployed, and cared for a special needs child from a former marriage, from which she received no monetary support. Plaintiff has employment history working in the information technology field, but was often a contract employee which naturally brings periodic unemployment.  Plaintiff is also unable to work full time due to medical issues suffered at the time of the divorce. Although Debtor asserts that Plaintiff has access to a trust fund, she has no control over the distribution of funds. Even in her stage of unemployment, Plaintiff's expenses are over $8,000 per month and include the costs of numerous daily medications, utilities, car expenses, insurance, and mortgage. Debtor is physically and mentally capable of working full time. Debtor currently works while receiving a pension from a job from which he retired. At the time of the divorce, there was a significant disparity between Debtor and Plaintiff financially including income and retirement benefits. Plaintiff was unemployed and earning $320 a week for unemployment benefits ,whereas Debtor made over $90,000 a year and collected a pension of over $20,000 a year. Plaintiff's unemployment and Debtor's dual sources of income are evidence of the significant disparity between them.  Although the state court did not specify that the award of attorney's fees is in the nature of support, the state court highlighted plaintiff's high expenses and low income within the Dissolution Judgment. The state court further concluded that Plaintiff was entitled to maintenance because she does not have sufficient income or property to support herself. For

Plaintiff to be additionally held responsible for the payment of her attorney's fees would make her ability to subsist much more difficult. By discussing Plaintiff's financial situation in great detail, it is clear that the state court heavily considered this in its decision to order Debtor to pay Plaintiff's attorney's fees. Therefore, this Court finds that the award of attorney's fees to Plaintiff to be in the nature of support. Further, this Court finds that the subsequent attorney's fees awarded were also rendered to support Plaintiff's continued litigation costs stemming from Debtor's failure to comply with the obligations outlined in the Dissolution Judgment. Thus, the Court finds Claim No. 6-1 for attorney's fees judgments in the amount of $16,031.00 is excepted from discharge as a domestic support obligation under Section 523(a)(5).

Next, the Court looks to whether the state court Dissolution Judgment ordering Debtor to reimburse Plaintiff in the amount of $15,600.00 for monies she spent as a result of Debtor's failure to pay the mortgage should be excepted from discharge. Claim No. 5-1 arises from $5,600.00 Plaintiff paid to bring the mortgage current on the real estate and $10,000.00 Plaintiff paid at the closing on the sale of the property. Debtor argues the *Phegley* factors in this instance stating that the $15,6000.00 reimbursement award is related to the sale of the condominium and not based on the financial conditions or any other factors that would cause this Court to find that the award was in the nature of maintenance or support of Plaintiff. Moreover, Debtor argues that the state court failed to designate whether the reimbursement is maintenance or support and thus the award is not in the nature of maintenance or support. The Court finds that although the state court identified disparities between Debtor and Plaintiff, it had no intention for this reimbursement to serve as maintenance or support. This Court further examined the supporting exhibits in this case, and finds that the state court consistently describes the monies as a reimbursement to Plaintiff; therefore, this Court determines the reimbursement is not a domestic support obligation that would be dischargeable under the Bankruptcy Code pursuant to section 523(a)(5). As stated in Debtor's pleadings, debts that fall under Section 523(a)(15) are dischargeable under the Chapter 13 super

-6-

discharge provision; thus, Claim No. 5-1 is dischargeable.

By separate order, Claim 6-1 will be excepted from discharge and Claim 5-1 will not be excepted from discharge.


KATHY A. SURRATT-STATES
Chief United States Bankruptcy Judge


DATED:  January 26, 2018
St. Louis, Missouri



Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Kathleen L Anderson
943 Morena Court
Ballwin, MO 63011


James Wayne Anderson
2285 Appalossa Trail
High Ridge, MO 63049

Nathan S. Cohen
210 S. Bemiston
Clayton, MO 63105


James B. Day
Law Office of James B. Day
13321 N. Outer Forty Road - Ste. 600
Chesterfield, MO 63017